PER CURIAM.
In this workers’ compensation case, Claimant appeals the judge of compensation claims’ (JCC’s) order denying his claim for temporary partial disability (TPD) benefits based on a refusal of suitable employment under subsection 440.15(6), Florida Statutes (2008). Because the order on appeal does not set forth sufficient findings to support the denial of TPD benefits for all the relevant time periods, we reverse and remand for further consideration by the JCC.
Under paragraph 440.15(4)(a), Florida Statutes (2008), an injured employee or claimant is entitled to TPD benefits if he or she demonstrates a causal connection between the compensable workplace injury and subsequent wage loss by proof of physical restrictions that prohibit the injured employee from performing all of his or her job duties. See Wyeth/Pharma Field Sales, v. Toscano, 40 So.3d 795, 799 (Fla. 1st DCA 2010). In the order on appeal, the JCC found that Claimant met his initial burden to establish entitlement to TPD benefits, but also that the E/C satisfied the requirements of subsection 440.15(6) so that no TPD benefits were due Claimant. Subsection 440.15(6), however, provides that the disqualification applies only during the continuance of a refusal of employment. § 440.15(6), Fla. Stat. (2008). See also A. Duda & Sons, Inc. v. Kelley, 900 So.2d 664, 669 (Fla. 1st DCA 2005). “Voluntary limitation of income caused by the refusal to accept a suitable job does not permanently foreclose the right to indemnity benefits.” Moore v. Servicemaster Commercial Servs., 19 So.3d 1147, 1152 (Fla. 1st DCA 2009). Furthermore, an employer must establish the continued availability of the job for each applicable period in order to retain the benefit of the affirmative defense based on refusal of suitable employment. Id.
In the final order, the JCC made no specific findings establishing the date of the initial offer of employment, the dates of continued availability of a suitable job, the dates of Claimant’s refusal, or whether Claimant’s refusal continued after he was terminated by the Employer. Without such findings, there is insufficient evidence to support the denial of benefits for all the time periods claimed. For this reason, we REVERSE and REMAND for further findings of fact and conclusions of law based on the evidence already introduced by the parties.
LEWIS, MAKAR, and WINOKUR, JJ., concur.